FILED
U.S. DISTRICT COURT

2006 AUG 30  P 5: 26

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, and THE SIERRA CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT; SAN JUAN COUNTY, UTAH; KANE COUNTY, UTAH; and GARFIELD COUNTY, UTAH,<br><br>Defendants. | [PROPOSED] ORDER GRANTING MOTIONS AND DISMISSING THE CASE<br><br>Consolidated Case No. 2:96CV0836BSJ |

Defendants Kane and Garfield Counties' "Motion for Judgment on the Pleadings and to Dismiss for Lack of Subject Matter Jurisdiction" and San Juan County's "Motion for Judgment on the Pleadings and Motion to Dismiss" came before the Court for hearing on August 16, 2006. Ralph L. Finlayson and Roger R. Fairbanks appeared for defendants Kane and Garfield Counties; Shawn T. Welch appeared for defendant San Juan County; W. Cullen Battle and Heidi J. McIntosh appeared for plaintiff Southern Utah Wilderness Alliance; Jerome L. Epstein appeared telephonically for plaintiff Southern Utah Wilderness Alliance.

Having considered the briefing, the law, and the arguments of counsel, the Court finds that there is no longer a live case or controversy as to SUWA's claims against the BLM and the Counties because there is no claim of present or ongoing construction on the tracts of land at issue in this case, the BLM has dismissed its claims against the Counties, and the BLM and the

Counties are not at this time contesting issues concerning the Counties' asserted rights-of-way. For its part, SUWA pleaded no ownership interest in the land subject to the asserted rights-of-way and the United States is no longer a party to this case. *Cf. San Juan County v. United States*, 420 F.3d 1197, 1209-10 (10th Cir. 2005) (noting "that SUWA could not itself initiate or defend a federal quiet title action"). As the Supreme Court recently reaffirmed, ""[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."" *DaimlerChrysler Corp. v. Cuno*, 126 S.Ct. 1854, 1861 (May 15, 2006) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 37 (1976))); *Allen v. Wright*, 468 U.S. 737, 750 (1984) ("Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'")

Consequently,

**IT IS ORDERED** that defendants Kane and Garfield Counties' Motion for Judgment on the Pleadings and to Dismiss for Lack of Subject Matter Jurisdiction (dkt. no. 471), and defendant San Juan County's Motion for Judgment on the Pleadings and Motion to Dismiss (dkt.no. 477), are hereby GRANTED IN PART, to the extent that the above-entitled proceeding is DISMISSED without prejudice for want of an actual case or controversy.

DATED this 30 day of August, 2006.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge